## Commonwealth v. Foster

*J. Shane Creamer*, Attorney General, *Joel Weisberg*, Deputy Attorney General, and *Robert S. Adler*, Special Assistant Attorney General, for plaintiff.

*John F. Karns*, for defendant.

DOYLE J., June 16, 1972.—Plaintiff, as parens patriae, demands that defendant, James R. Foster, t/d/b/a Foster Company, be enjoined from: (1) representing, directly or by implication, to consumers that as purchasers of real property (property) they will not receive a deed of conveyance (deed) to their property from the Recorder of Deeds of Allegheny County (recorder), or that certified deeds are a valuable or desirable incident of ownership of property, or are of benefit or use to recent purchasers of property; (2) representing that defendant is associated or affili-

ated with the recorder; (3) representing to consumers that $25 is a reasonable price for a certified copy of a deed; (4) charging any price for goods that is excessive or unconscionable; (5) violating any provisions of the Unfair Trade Practices and Consumer Protection Law of December 17, 1968, P. L. 387, 73 PS §201-1, et seq. (the Consumer Protection Law). Plaintiff further demands that defendant be ordered to (6) disclose to prospective customers that they, or their representatives, will receive the original deed from the recorder within a few weeks after said deed is recorded, or that persons rarely, if ever, have need for a certified copy of a deed; and (7) make restitution to those persons who purchased certified copies of deeds from defendant. Defendant filed no answer to the complaint, nor any brief with the court.

## FINDINGS OF FACT

After hearing testimony and studying the exhibits and the exhaustive brief of the Commonwealth and the arguments of counsel, the court makes the following findings of fact:

1. Plaintiff is the Commonwealth of Pennsylvania acting by its Attorney General.

2. Defendant is James R. Foster, t/d/b/a Foster Company.

3. Defendant, on a regular and continuing basis, copies from the public records of the office of the Recorder the names and addresses of individuals who are recent purchasers of property in order to solicit each of said purchasers to buy from defendant a certified copy of the deed to his property.

4. Defendant solicits said purchasers through a form letter which states, inter alia, that defendant provides: "Certified Deed Service"; that purchasers of property ". . . are not scheduled to receive your Deed

directly from the County"; that " 'Deed Certification' is made by John J. Exler, Recorder of Deeds, Pittsburgh, Pa."; that the cost of said certified deeds is $25 but that a purchaser may obtain one for $20 if ordered on or before a specified certain date.

5. Purchasers of property or their representatives receive the original deeds to their property from the recorder within several weeks after said deeds are lodged for recording.

6. The Recorder of Deeds provides certified copies of deeds for $5 each.

7. Defendant purchases many (approximately 500, yearly) certified copies of deeds from the recorder for $5 each.

8. Recent purchasers of property who had purchased certified copies of deeds from defendant, did not know at the time they ordered the copies that they would receive their original deeds from the recorder within several weeks after settlement of the transaction, nor did they know that certified copies of deeds could be purchased from the recorder for $5 each.

9. Representations in and omissions from defendant's solicitation letter conveyed the impression to the minds of the vendees that defendant was affiliated with the recorder and that they would not receive deeds to their properties unless they purchased certified copies of the deeds from defendant.

## DISCUSSION

The Consumer Protection Law, supra, provides, inter alia:

"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful . . . (§201-3)

"§201-2(4) 'Unfair methods of competition' and

unfair or deceptive acts or practices' mean any one or more of the following: . . .

"(ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

"(iii) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another; . . .

"(v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have . . .

"(xiii) Engaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding."

The cited statute is modeled on the Federal Trade Commission Act of 1914, 38 Stat. 717, 15 USCA §41, et seq., and the Federal Lanham Trademark Act, the Act of July 5, 1946, 60 Stat. 427, 15 USCA §1051, et seq. Ergo, judicial decisions construing those acts may be persuasive in interpreting the Pennsylvania Consumer Protection Law. See Commonwealth v. Hush-Tone Industries, Inc., 4 Commonwealth Ct. 1 (1972).

Unfair or deceptive trade practices are illegal and, therefore, enjoinable whether or not the seller of goods or services intended to deceive the buyer: Montgomery Ward v. Federal Trade Commission, 379 F. 2d 666 (7th Cir., 1967). The good faith of the seller is not necessarily determinative of whether his statements are deceptive and misleading: Merck and Company, Inc. v. Federal Trade Commission, 392 F. 2d 921 (6th Cir., 1968).

Plaintiff contends, inter alia, that two representations contained in defendant's letters of solicitation

create false and deceptive impressions in the minds of prospective purchasers:

(1) The representation that ". . . (You are not scheduled to receive your Deed directly from the County) . . ." creates the false impression that buyers of property will not receive deeds to their property unless they purchase a certified copy of the deed from defendant.

(2) The representation that ". . . ( Deed Certification' (is) made by John J. Exler, Recorder of Deeds, Pittsburgh, Pa. . .)" creates the false impression that defendant is associated or affiliated with John J. Exler, Recorder of Deeds.

Uncontradicted testimony clearly established that such false impressions were created in the minds of consumers who received defendant's letter of solicitation. Defendant's contention that his representations are technically true and, therefore, legal is not cogent. P. Lorillard Co. v. Federal Trade Commission, 186 F. 2d 52 (4th Cir., 1950), states:

". . . The law (relating to trademarks) is not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking and the credulous, who, in making purchases, do not stop to analyze, but are governed by appearances and general impressions' . . ."

A statement or representation may be deceptive even if its constituent language may be literally or technically construed so as to not constitute a misrepresentation. The test is the net impression which the statement or representation is likely to make upon a person of average intelligence. Kalwajtys v. Federal Trade Commission, 237 F. 2d 654 (7th Cir., 1956), cert. denied, 352 U.S. 1025 (1957). Furthermore, the representation that a purchaser would not receive his

deed "directly" from the recorder is a partial truth that deceives. The full truth is that such purchasers *or their representatives* will receive their deeds from the recorder.

Hebrew folk wisdom teaches that "a half-truth is a whole lie." Tennyson, in "The Grandmother," notes that:

"A lie which is all a lie may be met and fought with outright;

But a lie which is part a truth is a harder matter to fight."

Lorillard, supra, states:

". . . To tell less than the whole truth is a well known method of deception; and he who deceives by resorting to such method cannot excuse the deception by relying upon the truthfulness per se of the partial truth by which it has been accomplished. . ."

Plaintiff further contends that defendant's mere assertion that he provides a "certified deed service" to recent purchasers of property constitutes deception and misrepresentation in that defendant fails to disclose certain material facts, to wit:

(1) That shortly after a deed is lodged for recording, the vendee or his representative will receive the original deed from the recorder; (2) that certified copies of deeds may be purchased from the recorder for $5 each.

Under appropriate circumstances, a court may require affirmative disclosures by a seller to prevent misrepresentation and deception: J. B. Williams Company v. Federal Trade Commission, 381 F. 2d 884 (6th Cir., 1967). Uncontradicted testimony by the consumer witnesses clearly demonstrated that they would not have purchased certified copies of deeds from defendant had they known that the original deeds would shortly be delivered to them or their representatives by the recorder or if they had known that they

could purchase certified copies of deeds from the recorder for $5 each.

Plaintiff also asserts that the $20 or $25 charge for certified deed service is excessive and unconscionable and that defendant should be enjoined from representing that said prices are reasonable or from charging any price for goods which is excessive or unconscionable. Defendant asserts that the charges are reasonable because of, inter alia, high operating costs.

Plaintiff seeks a price-control order based upon language of the Consumer Protection Law which defines "unfair methods of competition" and "unfair or deceptive acts or practices" as ". . . (e)ngaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding. . ." However, the language of the cited law does not explicitly or impliedly attempt to govern the prices charged for goods or services. Nor are we concerned with a contract of adhesion. This court has no power, nor is any sought, to regulate the prices for goods and services sold in the market place; nor have we the power to decide whether a market price is unconscionable in the context of the instant litigious equation.

Finally, plaintiff prays that defendant be ordered to make restitution to those persons who purchased certified copies of deeds from defendant. This court has no such power to act for this plaintiff in these proceedings.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties to and the subject matter of this action.

2. Deceptive acts or practices in the conduct of trade or commerce are unlawful.

3. The Attorney General of the Commonwealth of

Pennsylvania may bring an action to enjoin deceptive practices under the cited Consumer Protection Law.

4. Defendant's representation to recent purchasers of real property that ". . . (You are not scheduled to receive your Deed directly from the County) . . ." creates the false impression that said purchasers will not receive deeds to their real property unless they purchase certified copies of the deeds from defendant.

5. Defendant's representation that ". . . 'Deed Certification' (is) made by John J. Exler, Recorder of Deeds, Pittsburgh, Pa. . . ." creates the false impression that defendant is associated or affiliated with the Recorder of Deeds.

6. The court is not vested with any authority to alter or regulate the contract price of goods and services.

## DECREE NISI

And now, June 16, 1972, upon consideration of the testimony, documentary evidence submitted, the brief of the Commonwealth and the arguments of counsel, it is hereby ordered, adjudged and decreed that:

Defendant James R. Foster, t/d/b/a Foster Company, his representatives, agents, employes or assigns are enjoined from representing, directly or by implication, to consumers that:

a. As purchasers or transferees of real property in Allegheny County, Pa., they will not receive their deeds to their real property from the Recorder of Allegheny County;

b. Purchasers or transferees or their representatives will not receive the original deeds to their real property from the Allegheny County Recorder of Deeds within a short time after their deeds are recorded;

c. Defendant is associated or affiliated with the Recorder of Deeds of Allegheny County, Pa.